**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLEN ISAAC FISTELL,

    Plaintiff-Appellant,

v.

GARY NEET, Superintendent, F.C.F.;
CHARLES OLIN, Mental Health,
F.C.F.; LT. BRADFORD, F.C.F.
CH-4; RICHARD LINNS, Mental
Health, F.C.F.; RICK MARTINEZ,
Case Manager III, F.C.F.; NARD
CLAAR, Associate Superintendent,
F.C.F.; JOSEPH ORTIZ, Executive
Director, C.D.O.C.; COLORADO
DEPARTMENT OF CORRECTIONS;
CHARLENE CORDO, C/O, CH-4
F.C.F.,

    Defendants-Appellees.

No. 03-1285
(D.C. No. 03-Z-284)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges. **

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of     10th Cir. R. 36.3.

\*\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The plaintiff Allen Isaac Fistell, a state prisoner in the custody of the Colorado Department of Corrections proceeding pro se, appeals the district court's dismissal of his pro se civil rights action brought pursuant to 42 U.S.C. § 1983. In his complaint, Mr. Fistell alleges that the defendant prison officials violated his rights by classifying him as a sex offender based on an accusation by a prison guard. Specifically, he contends that he was so classified without due process, that the subsequent denial of earned time credits has subjected him to cruel and unusual punishment under the Eighth Amendment, and that he has been denied equal protection because the defendants required him to participate in a sex offender treatment program. He seeks expungement of his classification as a sex offender and a restoration of earned-time credits. See Rec. doc. 3, at 8 (Complaint, filed Feb. 14, 2003).

The district court reviewed each of Mr. Fistell's claims and dismissed his action as frivolous under 28 U.S.C. § 1915(e)(2)(B). We conclude that the district court properly dismissed Mr. Fistell's Eighth Amendment and equal protection claims, but that it erred in finding Mr. Fistell's due process claim to be frivolous under § 1915(e)(2)(B). Therefore, we affirm in part, vacate in part, and remand for further proceedings.

# I. BACKGROUND

Mr. Fistell alleges that on November 1, 1997, prison officials classified him as a sex offender on the basis of a female prison guard's observation of him masturbating in his cell. According to the guard's report, Mr. Fistell's actions were obviously taken "deliberately for [her] benefit as graveyard male staff ha[d] not observed this" behavior and that she had "observed this on one prior occasion." Rec. doc. 3, at 9 (incident report, attached to complaint) (capitalization omitted).

In March 2000, this court decided Chambers v. Colorado Department of Corrections, 205 F.3d 1237 (10th Cir. 2000). We concluded that the Colorado Department of Corrections (CDOC) had provided "a liberty interest in the consequences of the mandatory [sex offender] label which it then arbitrarily removed without affording [the plaintiff inmate] any opportunity to a hearing to challenge the label." Id. at 1243 (emphasis in original). We further concluded that "those consequences are a benefit which cannot be taken away without some process." Id. However, "because the plaintiff inmate [in Chambers] received no hearing whatsoever, we were not required to address the particular procedural protections that must be provided to inmates who have never been convicted of a sex offense before prison officials may classify them as sex offenders in a manner

that deprives them of a liberty interest." Gwinn v. Awmiller, 354 F.3d 1211, 1218 (10th Cir.), cert. denied, 125 S. Ct. 181 (2004).

In June 2000, following the Chambers decision, prison officials notified Mr. Fistell that he had a right to an administrative review of his classification. The notice stated that the evidence of "sexually violent/abusive behavior which should be identified for rehabilitative purposes" consisted of the November 1997 report of "masturbating in view of the cellhouse control center," and that "[t]he report documents two occurrences of this behavior." Rec. doc. 3, Notice of Right to an Administrative Review (attached to complaint) (unnumbered).

The notice required Mr. Fistell to complete a form requesting an administrative hearing and specifically stated that he could "call witnesses and present documentary evidence at the hearing if [he] believe[d he had] not engaged in sexually violent/abusive behavior." Id. Mr. Fistell requested and received a hearing.

Following the hearing, Mr. Fistell received a notice stating that he would be classified as a sex offender because he had "behaved in a sexually violent and abusive manner based on the following evidence: CDOC records state that Inmate Festal [sic] did subject a female staff member to an act of masturbation on no less than 2 occasions" and that he "h[ad] not offered any credible explanation that would avoid the conclusion that [he] h[ad] behaved in a sexually violent and/or

-4-

abusive manner and that behavior may threaten the safety of the public upon release, or the safety of facility staff and offenders." Rec. doc. 3, Attach. E.

In his pro se 42 U.S.C. § 1983 complaint, Mr. Fistell named as defendants several CDOC officers, as well as the CDOC itself. He alleged violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and of the Eighth Amendment. In support of his due process and equal protection claims, he asserted:

> I have been denied Placement in Community Corrections for not taking Sex Offender Treatment even though the defendants are aware that I am not a convicted sex offender. I have been denied parole for not taking sex offender treatment, even though the defendants are aware that I am not a convicted sex offender. These have been done in violation of my equal protection rights to due-process of law and equal treatment with offenders like myself who are not convicted sex offenders. Other offenders who are not convicted sex offenders are not required to participate in programs unrelated to their crime.

Rec. doc. 3, at 5 (capitalization omitted). In support of his Eighth Amendment claim, Mr. Fistell alleged that his classification as a sex offender led to a loss of earned time credit and thus constituted cruel and unusual punishment.

The district court dismissed Mr. Fistell's complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B), prior to requiring a response by the state. Rec. doc. 7. As to the due process claim, the court reasoned that Mr. Fistell "was given a hearing in June 2000 to determine whether he should be classified as a

sex offender as a result of the November 1997 incident report. He does not allege that he was unable to challenge the factual basis for his classification as a sex offender at that hearing." Id at 3. As to the Eighth Amendment claim, the court noted that Mr. Fistell had failed to allege that he had been deprived of the "'minimal civilized measure of life's necessities.'" Id. at 4 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981))).

Finally, as to the equal protection claim, the court reasoned that:

> [t]he . . . claim lacks merit because the inmates with whom Mr. Fistell compares himself are not similarly situated. In order to state an equal protection claim, Mr. Fistell must demonstrate that he is being treated differently than another inmate who has not been convicted of a sex offense, but who has been determined to be a sex offender pursuant to the DOC administrative review process. Mr. Fistell does not allege that any of the inmates who allegedly are similarly situated have been determined to be sex offenders by the DOC.

Id. at 5.

Mr. Fistell then filed a motion to amend the judgment. Focusing on his due process claim, he contended that the administrative review panel that conducted the hearing on his classification as a sex offender had no rules and that its members had no training at designating sex offenders. He further stated that contrary to the statement in the notice of the hearing, he was, in fact, not allowed to call witnesses. Rec. doc. 8, at 6. He also claimed that the denial of assistance

from an inmate representative violated the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). Id.

In addition, Mr. Fistell challenged the evidence relied on as the basis for his sex offender classification. In particular, he asserted that the female guard (who was not present at the hearing) had initially tried to use the incident as the basis of a disciplinary charge against him, and, when that was unsuccessful, had persuaded someone in the mental health department to change his classification to that of a sex offender. Id. at 8. Mr. Fistell contended that, in essence, he was labeled as a sex offender based on an old unsworn, unverified allegation never tested at an in-person hearing. Id. Mr. Fistell further stated that there is no administrative appeal from the sex offender labeling. Id. at 10. Finally, Mr. Fistell asked "to allow amendment to the factual statements in the complaint." Id.

The district court denied the Rule 59 motion, construing it as a disagreement with the result of his administrative review and determining that Mr. Fistell had failed to establish any of the grounds justifying the court's reconsideration. Rec. doc. 9, at 1-3. The court did not address Mr. Fistell's claim that he was not permitted to call witnesses, explaining that Mr. Fistell had argued that "because he was forced to represent himself, the hearing was not governed by

-7-

any published rules, and there was no opportunity for an appeal." Id. at 2. The court also did not address Mr. Fistell's request to amend his complaint.

## II. DISCUSSION

We review for an abuse of discretion the district court's dismissal of Mr. Fistel's complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). Nagy v. FMC Butner, 376 F.3d 252, 255 n* (10th Cir. 2004). We review the district court's denial of Mr. Fistell's Rule 59 motion to amend the judgment, including his request to amend the complaint, under the same standard. Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002); Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1187 (10th Cir. 1999).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because pro se plaintiffs "may be less capable of formulating legally competent initial pleadings," "[a]ccording opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important." Id. at 330. Thus, "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## A. Due Process Claim

As noted above, the district court found Mr. Fistell's due process claim to be frivolous because, after this court decided Chambers, he was afforded a hearing and "[h]e d[id] not allege that he was unable to challenge the factual basis for his classification as a sex offender at that hearing." Rec. doc. 7, at 3. However, the district court issued its decision before we decided Gwinn.

In Gwinn, this court held that an inmate whose classification as a sex offender implicates a liberty interest, is entitled to the following procedural protections: "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Gwinn, 354 F.3d at 1219. An inmate's calling of witnesses and introduction of documents, however, must not be "unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. Additionally, in order to comport with due process, there must be some evidence to support the hearing panel's decision. Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996), and the decisionmaker must be impartial. See Wolff, 418 U.S. at 592 (Marshall, J., concurring in part and dissenting in part).

In light of these procedural requirements, the mere fact that an inmate classified as a sex offender in a manner that affects a liberty interest was afforded

a hearing and that he had some opportunity to "challenge the factual basis for his classification," Rec. doc. 7, at 3, does not necessarily establish that the classification comported with due process. In particular, if the inmate was denied the opportunity to present relevant witnesses and documents, and if the presentation of those witnesses and documents was not "unduly hazardous to institutional safety or correctional goals, Wolff, 418 U.S. at 566, or if the hearing panel was not impartial, then the inmate may not have received due process.

Here, although Mr. Fistell's initial complaint does not specify the grounds for his contention that his classification as a sex offender violated due process, his Rule 59 motion does allege that he was denied the opportunity to present witnesses. That allegation is sufficient to establish that his due process claim has "an arguable basis" in law and in fact, see Neitzke, 490 U.S. at 325, and thus is not frivolous. Although Mr. Fistell should have made that specific allegation in his initial complaint, see Fed. R. Civ. P. 8, we note that he was proceeding pro se and in forma pauperis, and that, prior to the dismissal of his complaint he should have been afforded an opportunity to file a responsive pleading commensurate to the opportunity accorded a similarly situated paying plaintiff. See Neitzke, 490 U.S. at 330. Accordingly, in evaluating his due process claim, we may properly consider the more specific allegations set forth in his motion to amend.

-10-

We therefore conclude that the district court abused its discretion in dismissing Mr. Fistell's due process claim as frivolous and in denying his request for leave to amend his complaint.

### B.  Eighth Amendment and Equal Protection Claims

In his appellate brief, Mr. Fistell does not challenge the district court's dismissal of his Eighth Amendment and Equal Protection claims.  For substantially the same reasons as the district court, we conclude that those claims are frivolous.

### C. Heck v. Humphrey

Finally, we note that Mr. Fistell has sought the restoration of earned-time credits that he has lost because of his classification as a sex offender.  It thus appears that a ruling in his favor on his due process claim may "implicitly question . . . the duration of [his] sentence."  See  Muhammad v. Close , 124 S. Ct. 1303, 1304 (2004) (per curiam) (discussing  Heck v. Humphrey , 512 U.S. 477 (1994) and  Edwards v. Balisok , 520 U.S. 641 (1997)).  If so, Mr. Fistell must first pursue his due process claim in a habeas corpus proceeding.  See Heck, 512 U.S. at 487;  Brown v. Smith , 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek restoration of good time credits rescinded at a disciplinary hearing).

Nevertheless, neither the district court nor the defendants have addressed the applicability of  Heck and its progeny.  On remand, the parties and the district court should address this issue.

### III.  CONCLUSION

Accordingly, we REVERSE the district court's dismissal of Mr. Fistell's due process claim and REMAND that claim to the district court.  On remand, the district court should allow Mr. Fistell to file an amended complaint alleging specific facts in support of his due process claim.  The court may then conduct further proceedings necessary to a just resolution of that claim.  We AFFIRM the dismissal of Mr. Fistell's Eighth Amendment and Equal Protection claims.

Entered for the Court,

Robert H.  Henry
Circuit Judge