**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 11-7683**

————————

ODELL EWING,

            Plaintiff - Appellant,

        v.

J. A. SILVIOUS, Officer of Raleigh Police Department; K.
KINNEY, Officer of Raleigh Police Department; RALEIGH
POLICE DEPARTMENT,

            Defendants - Appellees.

————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge. (5:11-cv-00064-F)

————————

Submitted: May 18, 2012              Decided: June 4, 2012

————————

Before GREGORY, SHEDD, and FLOYD, Circuit Judges.

————————

Affirmed as modified in part, vacated in part, and remanded by
unpublished per curiam opinion.

————————

Odell Ewing, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odell Ewing appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2006). To the extent Ewing raised claims challenging the validity of his conviction, the district court properly denied relief because Ewing has not shown that his conviction has been overturned or called into question. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because Ewing may refile those claims if his conviction is invalidated by an appropriate court, we modify the dismissal to be without prejudice and affirm as modified. We also affirm the dismissal as frivolous of Ewing's remaining claims, except for his claim of excessive force, for the reasons stated by the district court. See Ewing v. Silvious, No. 5:11-cv-00064-F (E.D.N.C. Nov. 17, 2011).

Turning to Ewing's excessive force claim, a district court must dismiss a case if it determines the action "is frivolous . . . [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to

2

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court erred by dismissing Ewing's excessive force claim. See Nagy v. FMC Butner, 376 F.3d 252, 254 (4th Cir. 2004) (reviewing dismissal under § 1915(e)(2)(B)(i) for abuse of discretion); De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (reviewing dismissal under § 1915(e)(2)(B)(ii) de novo).

In his complaint, Ewing alleged that Officer Silvious used excessive force against him by applying pepper spray while he was handcuffed and by refusing to provide water to wash the spray from his face; he also claimed to have suffered physical injury. This claim does not run afoul of Heck, as its success would not invalidate Ewing's conviction. Although the record is unclear as to the point at which Silvious placed Ewing under arrest, see Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008) (discussing standards for excessive force claims under the Fourth and Fourteenth Amendments), Ewing's allegations are sufficient to survive frivolousness review, see Neitzke, 490 U.S. at 325, and to establish "more than the mere possibility of misconduct" by Silvious. Iqbal, 556 U.S. at 679.

Accordingly, we vacate the district court's dismissal of Ewing's excessive force claim and remand for further

3

proceedings.[*] We affirm, as modified, the remainder of the district court's judgment and deny Ewing's request for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] This disposition, of course, should not be interpreted as indicating any view as to the legal or factual merit of Ewing's claim of excessive force. It simply reflects our conclusion that on the sparse record before it, the district court prematurely dismissed this pro se claim as frivolous.