**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7495**

_____

ODELL EWING,

              Plaintiff – Appellant,

         v.

J. A. SILVIOUS, Officer of Raleigh Police Department,

              Defendant – Appellee,

         and

K. KINNEY, Officer of Raleigh Police Department; RALEIGH
POLICE DEPARTMENT,

              Defendants.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.  (5:11-cv-00064-F)

_____

Submitted:  February 27, 2015          Decided:  March 16, 2015

_____

Before GREGORY, SHEDD, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Odell Ewing, Appellant Pro Se. Dorothy Kibler Leapley, Deputy
City Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odell Ewing filed a 42 U.S.C. § 1983 (2012) action against the Raleigh Police Department and Officers J.A. Silvious and K. Kinney. After the district court dismissed Ewing's claims as frivolous, we affirmed the dismissal in part, modified to reflect that the dismissal of claims challenging his conviction was without prejudice. Ewing v. Silvious, 481 F. App'x 802, 802 (4th Cir. 2012) (No. 11-7683). We vacated in part the district court's ruling regarding Ewing's claim of excessive force against Silvious and remanded for further proceedings. Id. at 803. Following discovery and the parties' cross-motions for summary judgment on remand, the district court granted summary judgment for Silvious. Ewing now appeals the district court's order granting summary judgment in Silvious' favor and denying Ewing's motions for appointment of counsel, to compel,[1] and for sanctions against Silvious.

We review for abuse of discretion the district court's rulings on Ewing's discovery motions and his motion for appointment of counsel. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 172 (4th Cir.) (discovery rulings),

---

[1] Although Ewing asserts that the district court failed to address his motion to compel, the court in fact denied the motion—which it characterized as Ewing's motion for discovery—as moot.

cert. denied, 135 S. Ct. 437 (2014); Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (denial of counsel). We review de novo a district court's order granting summary judgment, "viewing the evidence in the light most favorable to the non-moving party." Educ. Media Co. at Va. Tech., Inc. v. Insley, 731 F.3d 291, 297 (4th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue for trial does not exist "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 434 (4th Cir. 2011) (internal quotation marks omitted).

We have reviewed the record in light of these principles and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court.[2]

---

[2] Ewing attempts to challenge the validity of his convictions on appeal. As we recognized in Ewing's prior appeal, his claims are barred because he has not shown that his convictions have been overturned or called into question. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Ewing, 481 F. App'x at 802. Additionally, insofar as Ewing asserts that the district judge was biased against him, we find nothing in the record to support Ewing's bald assertion, as his arguments are based solely on his disagreement with the district court's substantive rulings. See Liteky v. United States, 510 U.S. 540, 555 (1994) (recognizing that judicial rulings alone are invalid basis for bias or partiality motion).

3

*Ewing v. Silvious*, No. 5:11-cv-00064-F (E.D.N.C. Sept. 30, 2014).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED