PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PAUL NAGY,

*Plaintiff-Appellant,*

v.

FMC BUTNER,

*Defendant-Appellee.*

No. 03-6736

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-02-922-5-BO)

Argued: June 2, 2004

Decided: July 21, 2004

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Shedd and Judge Duncan joined.

---

## COUNSEL

**ARGUED:** Jeffrey Bromme, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellant. Michelle T. Fuseyamore, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Richard Kornylak, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellant. Frank D. Whitney, United States Attorney, R. A. Renfer, Jr., Assistant United States Attorney, Chief, Civil Division, Raleigh, North Carolina, for Appellee.

**OPINION**

WILKINSON, Circuit Judge:

This appeal requires us to decide whether a district court may consider the value of a prisoner's claim when determining whether to dismiss it as frivolous under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (2000). Appellant Paul Nagy, an inmate at the Federal Medical Center (FMC) in Butner, North Carolina, claims that the institution's laundry service lost his twenty-five dollar sweat suit while it was being cleaned. Nagy brought an administrative claim to recover twenty-five dollars under the Federal Torts Claims Act (FTCA). *See* 28 U.S.C. § 2672 (2000). The Bureau of Prisons denied the claim finding no evidence of wrongdoing by the FMC staff. Nagy then filed a complaint against the FMC in federal court. Ultimately, the court dismissed his complaint as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Nagy contends that the district court erred by dismissing his suit, and in particular by considering the de minimis value of his claim in reaching its conclusion of frivolousness.

We hold that the amount sought in an in forma pauperis suit is a permissible factor to consider when making a frivolity determination under § 1915(e)(2)(B)(i). Further, the district court did not abuse its discretion in dismissing Nagy's claim based in part on its de minimis value. We accordingly affirm the judgment.

I.

Nagy is a medical patient incarcerated at the FMC in Butner pending the restoration of his competency. On April 3, 2002, Nagy delivered a bag of clothes to the FMC laundry for cleaning. The laundry's practice is to place a tamper-proof security tie on inmates' laundry bags when they are turned in, and to remove the security tie when they are later picked up. When Nagy collected his laundry the day after dropping it off, however, the bag was empty and his clothes could not be found. According to Nagy's complaint, the security tie fell off during washing or drying. The FMC replaced Nagy's institutional clothing but not his private clothing, which was a sweat suit worth about twenty-five dollars.

Pursuant to the FTCA, 28 U.S.C. § 2672, Nagy filed an administrative claim against the FMC on April 17, 2002, seeking twenty-five dollars in compensation for the lost sweat suit. The Regional Counsel for the Bureau of Prisons denied his claim, explaining that the FTCA would compensate Nagy only for the loss of property resulting from the negligence, omission, or wrongful act of a Bureau of Prisons employee. Here, there was no evidence that the FMC institutional staff failed to abide by its normal procedure of placing a tamper-proof security tie on the laundry bag when Nagy turned in his clothes. The Regional Counsel also noted that, in the clothing exchange area, signs on each window warn that the FMC laundry service bears no responsibility for lost or damaged clothing.

Dissatisfied with this administrative determination, Nagy brought his FTCA claim in federal district court. He sought compensatory and punitive damages in the amount of $4,000, due to the loss of his sweat suit and the alleged "malicious" denial of his administrative claim. The district court granted Nagy's application to proceed in forma pauperis in December 2002, permitting him to pursue his claims without prepaying the filing fees. Pursuant to the provision for deferred fee payment in 28 U.S.C. § 1915(b)(2), the court ordered FMC officials to deduct certain monthly payments from Nagy's prison trust fund account until the filing fee had been paid in full.

On January 21, 2003, the district court dismissed Nagy's complaint. The court first rejected Nagy's claim for punitive damages on the grounds that such damages are not recoverable under the FTCA. *See* 28 U.S.C. § 2674 (2000). Second, the court dismissed Nagy's claim for actual damages as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), citing in particular the de minimis value of his suit for twenty-five dollars. While conceding that his claim for punitive damages was properly dismissed, Nagy challenges the district court's frivolity determination regarding his compensatory damages.

II.

We apply an abuse of discretion standard when reviewing a district court's decision to dismiss an in forma pauperis complaint under § 1915(e)(2)(B)(i). *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954-

55 (4th Cir. 1995) (finding a deferential standard of review faithful to statutory text and congressional intent).* Nagy contends that deferential review is inappropriate because the district court adopted a new legal definition of frivolousness in dismissing his claim. Since we conclude that § 1915(e)(2)(B)(i) permits district courts, as a matter of law, to consider the size of a claim as a factor bearing on frivolity, review of dismissal for frivolousness under an abuse of discretion standard remains appropriate.

### III.

The progenitor of the current in forma pauperis statute permitted indigent litigants to bring suit without the payment of filing fees, upon a showing of economic hardship. *See* 28 U.S.C. § 1915(a) (1994). The statute thus provided impecunious parties access to federal courts that they could not otherwise afford. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948). *See also Coppedge v. United States*, 369 U.S. 438, 447 (1962) (in forma pauperis statute designed to ensure "equal treatment for every litigant before the bar").

Dispensing with filing fees, however, was not without its problems. Parties proceeding under the statute did not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis did not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Permitting indigent litigants

---

*Prior to the most recent PLRA amendments, dismissals for frivolity were reviewed for abuse of discretion. *Denton*, 504 U.S. at 33. After the amendments, those circuits that have addressed the issue have generally retained the abuse of discretion standard when reviewing claims dismissed as frivolous under § 1915(e)(2)(B)(i). *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(endorsing abuse of discretion standard); *McWilliams v. Colo.*, 121 F.3d 573, 574-75 (10th Cir. 1997)(same); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (indicating same for dismissals for factual frivolousness); *but see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (dismissal under § 1915(e)(2) reviewed de novo). Concurring with the majority of our sister circuits, we continue to apply an abuse of discretion standard.

to avoid filing fees, therefore, risked encouraging suits that these fees might otherwise have deterred.

Mindful of this danger, Congress authorized district courts to dismiss in forma pauperis suits "if satisfied that the action is frivolous or malicious." *See* 28 U.S.C. § 1915(d) (1994) (codified as amended at 28 U.S.C. § 1915(e)(2)(B)(i) (2000)). This authority was interpreted to confer broad discretion on the district courts to police in forma pauperis filings. *See Denton*, 504 U.S. at 33. The frivolousness inquiry ensured that federal resources would not be wasted on "baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke*, 490 U.S. at 327. Trial courts were charged with ensuring that the in forma pauperis mechanism, designed to promote equality of access to court, did not end up advantaging indigent litigants over their paying peers.

Despite the best efforts of the district courts to fulfill this mandate, in forma pauperis suits continued to proliferate, particularly those brought by prisoners. *See Nasim*, 64 F.3d at 954; *id.* at 957-58 (Wilkinson, J., concurring). The sheer volume of these suits placed severe pressure on the courts. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

In response to this problem, Congress added various provisions to the in forma pauperis statute, as part of the Prison Litigation Reform Act in 1996 (PLRA). The new provisions require that the district courts dismiss any "action or appeal" which "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, while the old statute merely permitted dismissal when the district court was "satisfied" that a suit was frivolous, the new language requires dismissal in similar circumstances. Lastly, in forma pauperis litigants are no longer able to avoid paying filing fees entirely — they must now pay these on a deferred basis. *See* 28 U.S.C. § 1915(b).

The PLRA amendments do not, however, assist the appellant. Indeed, they were designed to strengthen, not vitiate, the role of district courts. It is not correct to infer from the amendments, as the appellant suggests, that Congress intended to limit district courts' discretion when it added the "failure to state a claim" provision and the deferred payment mechanism to the in forma pauperis statute. The

specificity of the language in § 1915(e)(2)(B)(ii) should not be mistaken for an implied directive to district courts to refrain from exercising their discretion, under other parts of § 1915, to dismiss meritless, abusive, or other baseless litigation. Neither should the introduction of a deferred payment mechanism be mistaken for an implied congressional intention that this mechanism would be a panacea for excessive in forma pauperis litigation. This court has indicated that the ability to dismiss frivolous complaints under § 1915 — an ability which Congress not only maintained but strengthened through the 1996 amendments — confers a "wide latitude" and "meaningful discretion" upon district courts. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Nasim*, 64 F.3d at 954. Nothing suggests that the PLRA negated this discretion or that Congress intended to restrict the district courts' roles as gatekeepers under the in forma pauperis statute.

Neither is it correct to infer from the PLRA that the absence of a jurisdictional floor in § 1915 precludes a district court from considering the amount of relief requested when deciding whether to permit a litigant to proceed in forma pauperis. The mere fact that Congress employs such floors in some statutes does not forbid courts from considering the size of a claim in all other instances, particularly when the operative statutory term is as flexible as "frivolous."

Nagy's attempt to construe Court precedent to preclude consideration of the size of a claim in interpreting the frivolity standard of § 1915(e) is similarly unpersuasive. *Neitzke* does not bar consideration of the size of a claim in interpreting § 1915(e)(2)(B)(i). The Court in *Neitzke* did state that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." 490 U.S. at 325. But the Court did not purport to make this an exhaustive formulation of the term "frivolous" and this court has not suggested that any such comprehensive definition would be either possible or appropriate. *See White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Indeed, in *White* we observed that "district courts which must apply [the frivolity provision] on a day-to-day basis and in a myriad of contexts obviously will play a major role in fleshing out the standard." *Id.*

The word "frivolous" is inherently elastic and "not susceptible to categorical definition." *Adams*, 40 F.3d at 74. It is designed to confer on district courts the power to sift out claims that Congress found not

to warrant extended judicial treatment under the in forma pauperis statute. *See id.*; *see also Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995) (noting that § 1915 gives the judiciary "a sufficient scope of power to maintain meaningful control over the filing of in forma pauperis complaints"). The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim. Just as district courts are in the "best position" to determine which claims are factually frivolous, *see Denton*, 504 U.S. at 33, they enjoy a comparative expertise in identifying frivolous suits generally. The overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that pre-paid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Whether the suit alleges significant or de minimis damages is among the many factors a district court may take into account in determining the frivolousness of a claim. Such consideration is "consistent with the goals of the in forma pauperis legislation." *Deutsch*, 67 F.3d at 1087. Nothing in the in forma pauperis statute, and nothing in 28 U.S.C. § 1915(e)(2)(B)(i) in particular, suggests that the de minimis value of a claim cannot be taken into account. Appellant points us to no judicial decision holding that this factor is inappropriate for consideration under 28 U.S.C. § 1915(e)(2)(B)(i). *See Deutsch*, 67 F.3d at 1085. Given the purpose of 28 U.S.C. § 1915(e)(2), to ensure that indigent litigants do not bring suit solely because of the public subsidy available under § 1915(b), it would make little sense to mandate that trial courts invariably entertain claims without any regard to their monetary value. Such a rigid rule might significantly increase in forma pauperis filings and it would do nothing to relieve the threat that severe docket congestion poses to adjudicative quality in federal courts. Moreover, a rule that monetary value bore no relevance to frivolousness would thrust the federal judiciary deep into the minutiae of prison administration. We are not persuaded that Congress intended such results, which would be inconsistent both with the overriding purpose of the statute and with the appropriate deference due to prison authorities.

While we understand that items of small value may have large meaning, the unfortunate loss of such items cannot necessarily translate into the privilege of proceeding in forma pauperis. Courts may thus consider the de minimis value of a claim as one factor in applying the frivolity test of 28 U.S.C. § 1915(e)(2)(B)(i).

IV.

Nagy next argues that, even if the amount sought in an in forma pauperis suit may be taken into account when making a frivolity determination under 28 U.S.C. § 1915(e)(2)(B)(i), the district court still erred in finding his claim to be frivolous. The district court initially noted that, under *Neitzke*, "a claim having no arguable basis in law or in fact may be dismissed as frivolous." It then declared that, "[a]s for the claim for actual damages, the Court finds the claim to be frivolous." In explaining this conclusion, the court alluded to the fact that Nagy's claim was for de minimis damages:

> Even though the FTCA does not establish a threshold jurisdictional amount, a complaint may still be dismissed as frivolous under the *in forma pauperis* statute . . . . A claim for *de minimis* damage constitutes a frivolous claim within the meaning of . . . 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Given the totality of the circumstances, we cannot say that the district court's finding of frivolousness constituted an abuse of discretion. As the district court observed, Nagy's claim was for one sweat suit worth twenty-five dollars. The investigation by the Bureau of Prisons uncovered no evidence that the FMC staff failed to abide by the institution's procedure of placing a security tie on laundry bags when it accepted Nagy's bag. There has been no allegation here that the FMC, its institutional laundry service, or the service's staff had a policy or even habit of losing inmates' clothing. There has been no assertion that Nagy lost anything else on this or any other occasion. Nagy did not present any claims for declaratory or injunctive relief and his grievance appears to be a single instance of lost laundry totaling twenty-five dollars — a grievance that has already been deemed

without merit under the FTCA by the Bureau of Prisons. Finally, the request for almost $4,000 in punitive damages for the loss of this twenty-five dollar item did nothing to strengthen the seriousness of Nagy's claim. We do not intend these factors to constitute an exclusive list or to imply that a conclusory assertion of a factor not present in Nagy's complaint would ensure a determination of non-frivolousness. We also do not suggest that any personal liberty/property rights distinction should govern the assessment of claims under the in forma pauperis statute. *See Weddle v. Director, Patuxent, Inst.*, 436 F.2d 342 (4th Cir. 1970), *rev'd* 405 U.S. 1036 (1972). We simply address this case on its own terms. The district court, acting as gatekeeper under 28 U.S.C. § 1915(e)(2), was within its discretion in adjudging Nagy's claim to be frivolous in these circumstances.

Nagy protests, however, that the district court failed to take into account factors other than the de minimis value of his claim. In Nagy's view, the district court effectively applied a per se rule requiring dismissal of all de minimis claims, or at the very least, all claims of twenty-five dollars or less. Such an application of 28 U.S.C. § 1915(e)(2)(B)(i), Nagy urges, is inconsistent with the flexible nature of frivolity analysis.

Although the district court focused the explanation of its frivolity determination on the de minimis value of Nagy's suit, its conclusion was broadly stated, and it was undoubtedly aware of the other factors justifying dismissal of Nagy's complaint. When read in context, it is clear that the court's emphasis on the de minimis value of Nagy's claim did not indicate an exclusive consideration of that factor, but rather a decision to refer to it because of its relevance in the overall balance. We do not read the district court to establish a de facto jurisdictional amount, and, indeed, such an application of the in forma pauperis statute would be incompatible with the flexible nature of the frivolity determination. Given the fact that the totality of circumstances clearly supported the exercise of the district court's discretion, it would serve no purpose to have that court state on remand every consideration of which it was already aware.

## V.

We thus affirm the district court's dismissal of Nagy's in forma pauperis suit. We do not think, however, that Congress intended a dis-

missal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Nagy therefore remains free to file a paid complaint with these same allegations. We of course express no view on the proper disposition of that case.

*AFFIRMED*