**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-7540**

———————

WILLIE D. WORLEY, JR.,

Plaintiff - Appellant,

v.

ALVIN KELLER, Secretary of Prisons; ROBERT LEWIS, Director
of Prisons; HATTIE B. PIMPONG, Chief Disciplinary Hearing
Officer; REGINALD E. MIGETTE, SR., Chairman of Inmate
Grievance Board,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:11-ct-03012-BO)

———————

Submitted:  March 22, 2012        Decided:  April 11, 2012

———————

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Willie D. Worley, Jr., Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie D. Worley, Jr. appeals the district court's dismissal of his complaint and its denial of his motion to alter judgment. For the reasons that follow, we vacate the district court's dismissal of Worley's complaint and remand for further proceedings.

Worley, a North Carolina prisoner, brought a pro se civil complaint under 42 U.S.C. § 1983 (2006) against certain officials of the North Carolina Department of Corrections. Worley's complaint alleged that prison staff habitually falsely charged him and other prisoners with misconduct and that the hearings afforded by the prison were not fair and impartial. As an aspect of the injury alleged, Worley cited the $10.00 administrative fee assessed against prisoners found guilty of misconduct.

The district court reviewed Worley's complaint and dismissed it as frivolous under 28 U.S.C. § 1915(e)(2) (2006). In its order, the court cast Worley's complaint as a claim that the $10.00 administrative fee is unconstitutional. Worley filed a motion to alter judgment stating that the district court had misunderstood the basis for his complaint. The motion, in fact, expressly stated that "Plaintiff do[es] not dispute the constitutionality of the Department of Correction[]s assessing a

$10.00 administrative fee." The district court denied the motion.

A pro se litigant's pleadings are to be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Once construed liberally, however, a federal court must dismiss an in forma pauperis case at any time the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although not a comprehensive definition, a suit is frivolous if it lacks an arguable basis in law or fact. Nagy v. FMC Butner, 376 F.3d 252, 256-57 (4th Cir. 2004). We review such dismissals for an abuse of discretion. Id. at 254.

We find that the district court abused its discretion in dismissing Worley's suit as frivolous. To be sure, we understand fully the inherent awkwardness faced by the district court in examining a complaint alleging, in essence, the existence of a pattern and practice of false allegations of institutional violations. Nevertheless, by misstating Worley's claim — and failing to rectify the error in response to Worley's motion to alter judgment — the district court's frivolous determination is untenable. We therefore vacate the district court's dismissal and remand for further proceedings. In doing

so, we express no view as to whether Worley's complaint can be sustained. We simply recognize that the claim the district court professed to dismiss is not the claim contained in Worley's complaint. Worley's motion for appointment of counsel is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED