**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7007**
_____

KHALIFAH IMAN WHITNER,

                Plaintiff - Appellant,

       v.

UNITED STATES; FIDELITY INVESTMENTS; J.P. MORGAN & CHASE
N.A.; FIRST PLACE BANK; BANK OF TOKYO MITSUBISHI UFJ LTD;
COMERICA BANK; BANK OF AMERICA; STATE OF MICHIGAN; LARRY
WHITNER; VENUS WHITNER; WALTER WHITNER; DELANO WRIGHT;
ANNURAL WHITNER; HIROSHI KOJIMA,

                Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:12-cv-00480-CMH-IDD)

_____

Submitted:  October 31, 2012      Decided:  November 7, 2012

_____

Before KING, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Khalifah Iman Whitner, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalifah Iman Whitner appeals the district court's order dismissing her civil action filed under 42 U.S.C. §§ 1981, 1983 (2006), 28 U.S.C.A. § 1346(b) (West 2006 & Supp. 2012), and 5 U.S.C. § 702 (2006) for damages and injunctive relief, and its denial of her motions for emergency injunctive relief. We affirm.

After review of the record and Whitner's appellate brief, we conclude that the district court dismissed Whitner's action pursuant to 28 U.S.C. § 1915(e)(2)(B) (2006), which requires a district court to dismiss those civil actions filed in forma pauperis that are frivolous or fail to state claim on which relief may be granted. A claim is frivolous when it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 322-23, 325 (1989). We review the dismissal of a claim as frivolous for abuse of discretion. Nagy v. FMC Butner, 376 F.3d 252, 254-55 (4th Cir. 2004). The dismissal of a claim for failure to state a claim on which relief may be granted is reviewed de novo. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). Although a pro se litigant's pleadings are to be construed liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), her complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is

2

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). She must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. Id.

Whitner's allegations fail to state a plausible claim for relief under § 1981 against any named Defendant because she does not allege facts sufficient to show that any Defendant intentionally discriminated against her on the basis of race concerning any of the activities enumerated in 42 U.S.C. § 1981(a). See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2nd Cir. 1993) (per curiam) (listing the elements of a claim for relief under § 1981). Whitner's allegations against all Defendants except the United States and the State of Michigan also fail to state plausible claims for relief under 42 U.S.C. § 1983 for constitutional violations, as the complaint does not allege facts establishing any basis for concluding these Defendants took any action fairly attributable to the state. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (noting that the deeds of ostensibly private organizations and individuals may be treated as having occurred

3

under color of state law for purposes of § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" (internal quotation marks omitted)).

Additionally, insofar as Whitner's allegations are meant to raise claims under § 1983 against the United States and the State of Michigan, such claims are frivolous. Although the Supreme Court has recognized a cause of action against individual federal officers who violate a plaintiff's constitutional rights, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), Whitner has not named any such officials as Defendants in this case, and this cause of action does not extend to such claims advanced against the United States. Further, the State of Michigan has not consented to be sued for civil rights violations in federal court, thereby waiving its immunity under the Eleventh Amendment, and there is no indication in this case that such immunity from suit has in any way been abrogated by Congress. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55-57 (1996) (explaining that Congress' intent to abrogate the immunity of a state must be clear); Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986) (noting that the state of Michigan has not consented to civil rights suits in federal court).

4

Whitner's complaint also invokes 28 U.S.C.A. § 1346(b), the jurisdictional grant of the Federal Tort Claims Act ("FTCA"), and 5 U.S.C. § 702, a provision of the Administrative Procedure Act ("APA"), as bases for relief. Section 1346(b)(1) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable. 28 U.S.C.A. § 1346(b)(1); FDIC v. Meyer, 510 U.S. 471, 477 (1994). Whitner's claims against the United States, however, do not fall within this category of claims because Whitner fails to allege facts sufficient to show that the United States, if a private person, would be liable to her in tort. See Meyer, 510 U.S. at 477 (listing the six elements necessary for a cognizable claim under § 1346(b)). We further conclude that Whitner's allegations fail to state any plausible basis for granting her relief pursuant to the APA, as she fails to identify any final agency action entitling her to review in this court. See 5 U.S.C. § 704 (2006) ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990) (explaining that it is the plaintiff's burden to identify specific federal conduct and explain how it qualifies as "final agency action").

Finally, as Whitner's claims do not plausibly entitle her to relief or lack a basis in law, we conclude that the district court did not abuse its discretion in denying her motions for emergency injunctive relief, which we construe as motions for preliminary injunctions. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (listing the four elements for entitlement to relief in the form of a preliminary injunction); WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (stating standard of review).

Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's judgment. We deny as moot Whitner's motion seeking waiver of court filing fees. We deny her motions to transfer the case, for injunctive relief pending appeal, for the court to serve the notice of appeal on Defendants, to expedite decision, and seeking leave to file DVD/Video exhibits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED