**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1347

KENNETH L. SMITH,

> Plaintiff - Appellant,

v.

HON. ELENA KAGAN, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. CLARENCE THOMAS, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. ANTONIN G. SCALIA, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. JOHN G. ROBERTS, JR., in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. ANTHONY M. KENNEDY, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. RUTH BADER GINSBURG, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. STEPHEN G. BREYER, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. SAMUEL A. ALITO, JR., in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES; HON. SONIA SOTOMAYOR, in their official capacities as Justices of THE SUPREME COURT OF THE UNITED STATES,

> Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:14-cv-01242-CMH-TCB)

Submitted: August 31, 2015          Decided: September 21, 2015

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Kenneth L. Smith, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth L. Smith appeals the district court's order sua sponte dismissing his civil action against the Justices of the United States Supreme Court. Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee. See, e.g., Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). Additionally, dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint. See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015) (per curiam); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1342-43 (9th Cir. 1981).

We have reviewed the record and conclude that the district court did not abuse its discretion in finding Smith's complaint frivolous and in dismissing the action on that basis. See Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989) (defining frivolous claims); Nagy v. FMC Butner, 376 F.3d 252, 254-55 (4th Cir. 2004) (standard of review). We also find no abuse of discretion in the court's denial of Smith's Fed. R. Civ. P. 59(e) motion. See Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (standard of review); Mayfield v. Nat'l Ass'n for

3

Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (identifying permissible bases for Rule 59(e) relief). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED