**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7356**

MANDREY D. DAVIS,

             Plaintiff - Appellant,

      v.

CAPTAIN HILBORN; VICKI HARDING; JANE DOE; JOHN DOE,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:14-ct-03324-F)

Submitted:  January 29, 2016      Decided:  February 8, 2016

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mandrey D. Davis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandrey D. Davis, a North Carolina prisoner, appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2012). Davis alleged that prison officials were deliberately indifferent to his serious medical needs. The district court concluded that Davis' allegations were frivolous because he simply disagreed with the course of treatment provided by prison officials. We vacate and remand for further proceedings.*

A federal court is required to dismiss an in forma pauperis complaint at any time the court determines the action "is frivolous or malicious . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review for abuse of discretion the dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i). Nagy v. FMC Butner, 376 F.3d 252, 254 (4th Cir. 2004). "An error of law or clear error in finding of fact is an abuse of

---

 * We express no opinion as to the merits of Davis' claims, concluding only that the claims were prematurely dismissed.

discretion." Berry v. Schulman, 807 F.3d 600, 608 (4th Cir. 2015).

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To state a claim for medical mistreatment under § 1983, a prisoner must plausibly allege that his medical condition was objectively sufficiently serious and that the prison official acted with deliberate indifference. Id. "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." Id. (internal quotation marks omitted). Deliberate indifference may be "manifested . . . by prison guards in intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (footnotes omitted).

Affording the complaint liberal construction, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), Davis alleged that he fell from the top bunk of his bed face-first onto the concrete floor and suffered significant and permanent injuries. Captain Hilborn observed Davis lying face-down on the floor and transported him to the medical ward. Davis asserts that Hilborn then denied Davis access to any medical care and transferred him to segregation when Davis demanded treatment, resulting in three

3

days passing before Davis was treated by prison medical staff. The district court did not address this claim, concluding that Davis merely complained about the course of treatment eventually provided by prison officials. Because the court did not address the three-day delay in treatment, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED
