**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1711**

CHONG SU YI,

        Plaintiff – Appellant,

    v.

DEMOCRATIC NATIONAL COMMITTEE; REPUBLICAN NATIONAL COMMITTEE,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:16-cv-01172-RWT)

Submitted: November 7, 2016      Decided: December 9, 2016

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Chong Su Yi, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chong Su Yi appeals from the district court's order dismissing his civil complaint under 28 U.S.C. § 1915(e)(2) (2012). On appeal, Yi contends first that § 1915(e)(2) is unconstitutionally broad and vague and that it violates his rights to due process and access to courts. He further asserts that his complaint stated a claim on which relief may be granted.

The Supreme Court has long recognized the established principle that a patently frivolous complaint may be dismissed for want of subject matter jurisdiction. See Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); see also Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915[(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."). Regarding the district court's authority under the statute to sua sponte dismiss in forma pauperis complaints that fail to state a claim, Yi has not specified what process he was due, but denied. Because dismissals under § 1915(e)(2)(B) should be without prejudice, Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004), Yi is free to refile an amended complaint, and thus, the dismissal of his complaint has not barred his right to seek relief under a valid cause of action. See White v. White, 886

F.2d 721, 724 (4th Cir. 1989) (dismissal without prejudice permits plaintiff "to cure any deficiencies in his pleading"). In addition, while Yi claims the statute's standards are vague and too broad, the standards for stating a claim and for finding frivolousness, discussed below, are longstanding and well understood. Yi's claim that § 1915(e) is unconstitutional thus is without merit. However, because the district court did not specify whether the dismissal was with or without prejudice, we modify the dismissal order to show that the dismissal was without prejudice.

Turning to the merits of Yi's complaint, we review for abuse of discretion a district court's dismissal of a complaint as frivolous under § 1915(e)(2)(B). Nagy, 376 F.3d at 254. This court reviews de novo a district court's dismissal for failure to state a claim under § 1915, applying the same standards as those for reviewing a Fed. R. Civ. P. 12(b)(6) dismissal. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). The complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. De'Lonta, 708 F.3d at 524 (citations and quotation marks omitted).

A federal court is required to dismiss an in forma pauperis case at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be

3

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Dismissal of an action as frivolous is appropriate when the action lacks an arguable basis in law or fact.  Neitzke, 490 U.S. at 325.

The district court accurately noted that Yi's complaint was difficult to decipher.  Yi appears to allege that his right to vote in the Maryland primary elections was improperly denied based on his status as a registered independent.  However, he also mentions the Fifteenth Amendment and his status as a person of color,* although he does not claim that persons of certain races are more likely to register as independents.

Affording Yi liberal construction, we conclude that Yi alleged that his constitutional rights were, or will be, violated when he is barred from voting in the primary elections in Maryland due to his failure to align with either the Democratic National Committee or the Republican National

---

* The Fifteenth Amendment as applied through The Voting Rights Act of 1965 (VRA) provides the basis for a claim of voter disenfranchisement.  The Fifteenth Amendment prohibits the states from denying or abridging the right to vote based upon race, color or previous condition of servitude.  The VRA, as amended in 1982, was originally enacted to work in tandem with the Fifteenth Amendment to "rid the country of racial discrimination in voting."  See South Carolina v. Katzenbach, 383 U.S. 301, 315 (1966) (abrogated on other grounds).  The VRA prohibits any state practice that results in the "denial or abridgement of the right . . . to vote on account of race or color."  See 52 U.S.C. § 10301 (2012).

4

Committee.  However, there is no constitutional right "in selecting the candidate of a group to which one does not belong."  California Democratic Party v. Jones, 530 U.S. 567, 573 n.5 (2000) ("Selecting a candidate [to be nominated] is quite different from voting for the candidate of one's choice [who could take office].").  Accordingly, Yi's bare allegations that, as an independent, he was excluded by the DNC and the RNC from voting in their primary elections fail to state a claim.

Accordingly, we modify the district court's order to show that the dismissal was without prejudice and affirm the order as modified.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED