**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-2192

DONNA MARIE CONNER,

Plaintiff - Appellant,

v.

XFINITY, United States General; ASSURANCE WIRELESS USA-LP; JASON S. MIYARES, Commonwealth of Virginia, Attorney General; JENNIFER L. MCCLELLAN, Senator for the Commonwealth of Virginia; MARK R. WARNER, Senator; TIM KAINE, Virginia Beach; PETERSBURG, VIRGINIA POLICE DEPARTMENT; COLONIAL HEIGHTS POLICE DEPARTMENT; YORK COUNTY VIRGINIA POLICE DEPARTMENT; RON MONTGOMERY, Sheriff; COMMONWEALTH OF VIRGINIA DEPARTMENT OF HEALTH PROFESSIONS; MARK HERRING,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:23-cv-01222-PTG-LRV)

Submitted:  April 1, 2025                    Decided:  June 17, 2025

Before WILKINSON and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Donna Marie Conner, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donna Marie Conner appeals the district court's orders dismissing her civil action under 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The district court dismissed with prejudice all of Conner's claims except for her claim under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and granted her leave to file an amended complaint on only that claim. Conner filed an amended complaint, and the district court again dismissed the TCPA claim. Conner appealed, and we dismissed the appeal because the district court had not resolved one of Conner's claims. *Conner v. Xfinity*, No. 24-1145, 2024 WL 2768349, at *1 (4th Cir. May 30, 2024). We remanded for the district court to resolve that claim. *Id.* On remand, the district court dismissed without prejudice the unresolved claim. Conner then noted this timely appeal, and we possess jurisdiction under 28 U.S.C. § 1291.[1] *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend, . . . the order dismissing the complaint is final and appealable.").

Having reviewed the record and Conner's many submissions on appeal, we discern no reversible error in the dismissal of Conner's complaint as frivolous and for failure to state a claim upon which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii);

---

[1] Conner's notice of appeal designates the district court's order dismissing her complaint and the district court's order on remand dismissing her unresolved claim. Insofar as Conner might also seek review of the district court's order dismissing her amended complaint, she has demonstrated no reversible error in that order.

[2] Conner seeks to raise many new claims on appeal, but we decline to consider them in the first instance. *See Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024) ("Issues raised (Continued)

*Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (explaining standard of review for dismissal for failure to state a claim upon which relief may be granted); *Nagy v. FMC Butner*, 376 F.3d 252, 254-55 (4th Cir. 2004) (explaining standard of review for dismissal based on frivolity). We observe, however, that the district court should have dismissed without prejudice Conner's claims for which she was not provided an opportunity to amend, i.e., all of her claims save for her TCPA claim. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (recognizing that dismissal of pro se complaint generally should be without prejudice if district court did not give plaintiff opportunity to amend nor discuss why amendment would be futile); *Nagy*, 376 F.3d at 258 ("We do not think . . . that Congress intended a dismissal under § 1915(e)(2)(B)(i) . . . to operate as a dismissal with prejudice.").

We also reject Conner's arguments that the district court should have appointed counsel for her, that she was entitled to a jury trial, and that the district court should have recused itself. *See Megaro v. McCollum*, 66 F.4th 151, 163 (4th Cir. 2023) (reviewing denial of recusal motion for abuse of discretion); *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (rejecting similar jury trial argument); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987) (stating standard for appointment of counsel in civil case and reviewing denial for abuse of discretion).

---

for the first time on appeal are generally not considered absent exceptional circumstances.").

Accordingly, we deny all of Conner's pending motions save for her motion to submit this case on the briefs (ECF No. 15), which we grant.[3] We also affirm the district court's orders but modify the orders to reflect a dismissal without prejudice except as to Conner's TCPA claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

---

[3] To the extent that Conner's motion to submit this case on the briefs requests other relief, we grant only the relief of deciding this case on the briefs.