**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-6925**

─────────────

LYE HUAT ONG,

  Petitioner - Appellant,

  v.

CAROLYN J. SCRUGGS, Secretary of DPSCS,

  Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Paula Xinis, District Judge.  (1:24-cv-01662-PX)

─────────────

Submitted:  September 24, 2025                    Decided:  November 4, 2025

─────────────

Before WILKINSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.  Judge Wilkinson wrote a dissenting opinion.

─────────────

Lye Huat Ong, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lye Huat Ong, a Maryland state prisoner, filed a complaint under 42 U.S.C. § 1983 against Carolyn Scruggs, Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS").  Ong alleged that Scruggs unconstitutionally denied Ong time credits under Md. Code Ann. Corr. Servs. § 3-707(a)(1) (2023), the Special Project Credits for Housing statute, based on time in which he was "double celled."  The district court dismissed Ong's complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), for failure to state a claim.  For the following reasons, we vacate the district court's order and remand for further proceedings.

A federal court must dismiss an in forma pauperis action or appeal if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  "The overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred." *Nagy v. FMC Butner*, 376 F.3d 252, 257 (4th Cir. 2004).

This court reviews de novo a dismissal for failure to state a claim under § 1915(e)(2), applying the same standards as those for reviewing a Fed. R. Civ. P. 12(b)(6) dismissal. *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While the court must accept well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor, it need not accept as true allegations that are

2

merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Martin*, 858 F.3d at 248. To state plausible a claim pursuant to 42 U.S.C. § 1983, the complaint must allege that the plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Ong met this initial burden. In his complaint, Ong pleaded that when he was sentenced he was eligible for time credits under § 3-707(a)(1), but that a subsequent regulation, Md. Code Regs. 12.02.06.04(F)(3) (2025), later rendered him ineligible for the credits because it classified his conviction as ineligible. Ong argued that because he had committed the ineligible crime before the new regulation was passed, he was still eligible for the time credits and had improperly been denied them. As Ong noted in his complaint, Maryland courts have held Md. Code Regs. 12.02.06.04(F)(3), when applied to complainants similarly situated to Ong, "alter[ed] their punishments by increasing the lengths of their sentences" and violated the Ex Post Facto Clause of the United States and Maryland constitutions. *Demby v. Sec'y, Dep't of Pub. Safety & Corr. Servs.*, 877 A.2d 187, 197 (Md. Ct. Spec. App, 2005), *aff'd*, 890 A.2d 310 (Md. 2006). The *Demby* court instructed:

> an inmate serving a term of confinement for an offense committed prior to January 1, 2002[,] (i) may not be denied double-celling credits, for periods of time during which he or she was or is serving only an eligible sentence, for the sole reason that another sentence in his or her term of confinement is ineligible, and (ii) may not be denied double-celling credits on sentences for offenses that were eligible under the former regulation but are ineligible under the current regulation.

*Id*. at 199-200.

3

Thus, when liberally construed, Ong's complaint alleged that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution"—specifically the prohibition on ex post facto laws.  We therefore find that the district court erred in dismissing Ong's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Accordingly, we deny Ong's motion to reverse, but vacate the district court's order and remand for further proceedings.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion on the ultimate merits of Ong's claims.

WILKINSON, Circuit Judge, dissenting:

I would affirm the judgment on the basis of the opinion of the district court.