NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MOSHE A. PERRY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES PATENT AND TRADEMARK OFFICE,**

*Defendant-Appellee*

**JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, WENDY GARBER, DIRECTOR PATENT TECHNOLOGY CENTER, DARNELL JAYNE, DIRECTOR, DALE SHAW, DEPUTY DIRECTOR STAKEHOLDER OUTREACH AND PATENTS OMBUDSMAN UNITED STATES PATENT AND TRADEMARK OFFICE, KRISTINE CLARETTE MATTER, EXAMINER, KATHERINE MATECKI, GROUP DIRECTOR, TECHNOLOGY CENTER, LAURA MARTIN, EXAMINER, SHIRENE WILLIS BRANTLEY, ATTORNEY ADVISOR AT THE USPTO PETITION DEPARTMENT, CHARLES STEVEN BRANTLEY, ATTORNEY ADVISOR AT THE USPTO PETITION DEPARTMENT, DOES 1 THROUGH 10 KNOWN AND UNKNOWN DEFENDANTS,**

*Defendants*

---

PERRY v. PTO

2023-1812

————————————

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:22-cv-01126-LMB-JFA, Judge Leonie M. Brinkema.

————————————

Decided:  November 24, 2025

————————————

MOSHE A. PERRY, Chatsworth, CA, pro se.

MAUREEN DONOVAN QUELER, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for defendant-appellee.  Also represented by MICHAEL S. FORMAN.

————————————

PER CURIAM.

Moshe Avram Perry appeals from the order of the United States District Court for the Eastern District of Virginia dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  This is the third suit filed by Mr. Perry asserting that he is entitled to relief for actions taken by the United States Patent and Trademark Office and the third appeal to this court.  Because we discern no abuse of discretion in the district court's dismissal of Mr. Perry's complaint or in the judge's decision to not recuse herself, we affirm.

BACKGROUND

In January 2019, Mr. Perry, proceeding pro se, filed a complaint in the United States District Court for the Central District of California against the USPTO and various agency officials alleging misconduct in the handling of his patent applications.  In February 2019, the district court

denied his *in forma pauperis* (IFP) motion and dismissed the complaint as frivolous. Mr. Perry did not appeal that ruling. However, Mr. Perry subsequently filed a complaint raising similar allegations before the United States Court of Federal Claims in November 2019. The Court of Federal Claims also dismissed his claims. Mr. Perry appealed that decision to this court, and we affirmed. *Perry v. United States*, 149 Fed. Cl. 1 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021).

Mr. Perry then returned to the Central District of California in December 2021, seeking to reopen his case. In January 2022, the district court ordered that Mr. Perry's motion be rejected for filing and returned to him, noting that his case had previously been dismissed, his IFP motion was previously denied, and no filings may be accepted from him without an approved IFP application. In March 2022, Mr. Perry filed another IFP motion, and the district court again ordered that the document be rejected for filing and returned, noting that his IFP motion was previously denied and the case was closed. Mr. Perry appealed those orders to this court, and we dismissed due to lack of jurisdiction for untimeliness and because Mr. Perry's appeal was frivolous. *Perry v. United States Pat. & Trademark Off.*, No. 2022-1720, 2022 WL 3209323 (Fed. Cir. Aug. 9, 2022).

In October 2022, Mr. Perry filed another complaint against the USPTO and various officials alleging misconduct in the handling of his patent applications but this time before the Eastern District of Virginia. Mr. Perry also filed an IFP motion concurrent with his complaint. The district court issued an order denying Mr. Perry's IFP motion and dismissing the complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) and duplicative of the previously dismissed complaints.

After filing his notice of appeal to this court, Mr. Perry filed a complaint of judicial misconduct against the district

court judge with the Judicial Council of the Fourth Circuit. The Judicial Council dismissed Mr. Perry's complaint, finding that Mr. Perry offered no evidence that the district court judge had any involvement in any perceived delay in the docketing and processing of his notice of appeal or engaged in thievery, malice, or discrimination.

Mr. Perry appeals the district court's order dismissing his complaint to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Based on our reading of Mr. Perry's briefs, the issues properly before us are Mr. Perry's challenges to the district court's dismissal of his complaint as frivolous and the district court judge's decision in not recusing herself. We address each in turn.

Because questions regarding the dismissal of a complaint as frivolous and judicial recusal are not within our exclusive jurisdiction, we are guided by the law of the regional circuit, here the Fourth Circuit. *See C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000); *see also Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550, 556 (Fed. Cir. 1996). The Fourth Circuit "appl[ies] an abuse of discretion standard when reviewing a district court's decision to dismiss an [IFP] complaint under [28 U.S.C.] § 1915(e)(2)(B)(i)." *Nagy v. FMC Butner*, 376 F.3d 252, 254 (4th Cir. 2004) (citation omitted). The Fourth Circuit also ordinarily reviews a district court judge's recusal decision for abuse of discretion, *United States v. DeTemple*, 162 F.3d 279, 283 (4th Cir. 1998), or for plain error where the recusal argument was not preserved. *See United States v. Richardson*, 796 F. App'x 795, 798 (4th Cir. 2019) (citing *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 592 (4th Cir. 2015)).

## I

Mindful of the danger of encouraging suits that filing fees might otherwise have deterred, "Congress authorized district courts to dismiss [IFP] suits 'if satisfied that the action is frivolous or malicious.'" *Nagy*, 376 F.3d at 255 (citation omitted). "This authority was interpreted to confer broad discretion on the district courts to police [IFP] filings." *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)); *see also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (en banc). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," "fantastic or delusional," or "fanciful." *Neitzke v. Williams*, 490 U.S. 319, 327–28, 325 (1989). Based on the totality of the circumstances, we conclude that the district court did not abuse its discretion in dismissing Mr. Perry's complaint as frivolous because his claims lack an arguable basis in law or fact.

The district court determined that dismissal of Mr. Perry's complaint as frivolous was warranted for three reasons. Appx 18–20.[1] First, the district court found that Mr. Perry's allegations of deception, discrimination, harassment, theft, fraud, email hacking, and conspiracy between private companies and the patent office "are so fantastical and wholly incredible that they lack any merit." Appx 18–19. We agree. Mr. Perry's allegations are conclusory and unsupported and, as the district court noted, "the claims plaintiff is asserting in [the district] court are very similar to the previously filed and dismissed claims." Appx 20; *see Perry*, 149 Fed. Cl. at 14–36, *aff'd*, 2021 WL

---

[1]    We refer to the appendix filed with Mr. Perry's informal opening brief as "Appx" throughout this opinion. *See* ECF No. 51.

2935075, at *1–5 (finding that Mr. Perry's complaint contains no allegations sufficient to support his contract, takings, illegal exaction, email hacking, and conspiracy claims). Given the lack of evidentiary support for Mr. Perry's implausible and previously-dismissed claims, we determine that the district court reasonably exercised its discretion in dismissing these claims as frivolous.

Second, the district court found that Mr. Perry's complaint sought "irrational and meritless forms of relief," including $150,000,000 in compensatory damages, a stay of all USPTO actions, a criminal referral, and a referral for a civil investigation of racketeering. Appx 19; *see also* Appx 174–76, 137, 140, 245. Setting aside that damages have not been established, Mr. Perry's inflated request for compensatory damages for publishing one of his patent applications does "nothing to strengthen the seriousness of [his] claim." *Nagy*, 376 F.3d at 258. Nor do his requests for irrational relief, such as "a stay of all USPTO actions pending resolution of this case." Appx 176 (capitalization normalized). Thus, the relief sought by Mr. Perry further justifies the district court's dismissal.

Third, the district court found that the duplicative nature of Mr. Perry's complaint in the Eastern District of Virginia in comparison to the claims previously dismissed by other courts supported dismissal. Appx 19–20. It is well within a district court's authority to refuse to accept repetitive filings where a litigant continues to abuse "the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004); *see also Cochran*, 73 F.3d at 1316–17. Because multiple courts have expressed serious criticism of Mr. Perry's frivolous litigation habits,[2] and Mr. Perry's claims have

---

[2]    *See In re Perry*, No. CV 15-7155 FMO, 2017 WL 1276075, at *2 (C.D. Cal. Mar. 31, 2017) ("Because

previously been dismissed as frivolous, we discern no abuse of discretion in the district court's determination.

Mr. Perry raises no cogent, non-frivolous argument as to why the district court's determination was incorrect, let alone an abuse of discretion. Instead, Mr. Perry's arguments before this court consist mostly of assertions going to the merits of his complaint: that the USPTO's processing, examination, rejection, and publication of his patent applications were improper and that the USPTO hacked his email account. Beyond that, Mr. Perry contends that he has standing and that the district court has jurisdiction over his claims but dismissed his complaint without ever hearing the merits or holding an evidentiary hearing. But these arguments are irrelevant to the propriety of the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), where the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Instead, the district court is entrusted with discretion to determine "when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* at 33. Without any non-frivolous contention that the district court abused its discretion in dismissing Mr. Perry's complaint as frivolous, we find its dismissal appropriate.

------

[Mr. ]Perry was found to be a vexatious litigant by the state courts, he was required to post a bond before initiating any state court action."), *aff'd*, 734 F. App'x 533 (9th Cir. 2018), *cert. denied sub nom. Perry v. JPMorgan Chase Bank, N.A.*, 589 U.S. 1107 (2019); *In re Perry*, No. ADV 10-01356-GM, 2013 WL 3369310, at *4 (B.A.P. 9th Cir. July 2, 2013), *aff'd*, 586 F. App'x 283 (9th Cir. 2014); *Perry*, 149 Fed. Cl. 1, *aff'd*, 2021 WL 2935075; *Perry*, 2022 WL 3209323.

## II

Mr. Perry also appears to ask this court to find that the district court judge erred by failing to recuse herself under 28 U.S.C. § 455. Ordinarily, we review a judge's decision not to recuse themselves for an abuse of discretion. *DeTemple*, 162 F.3d at 283. But because Mr. Perry never moved for the judge's recusal in the district court, we review this issue for plain error. *Richardson*, 796 F. App'x at 798. "Under this standard of review, [Mr. Perry] must show that an error occurred, that it was plain, and that it affected [his] substantial rights." *Id.* (citation omitted).

Here, Mr. Perry does not identify any errors, much less plain errors, that warrant recusal. Mr. Perry does not point to any evidence of bias or prejudice or anything outside of judicial rulings and routine trial administration efforts. "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion," especially here, where Mr. Perry does not contend that the district court judge relied on "knowledge acquired outside such proceedings []or . . . displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). We thus find no error in the district court judge's decision not to recuse herself.

### CONCLUSION

We have considered Mr. Perry's remaining arguments and are unpersuaded.[3] Accordingly, we affirm the dismissal of Mr. Perry's complaint by the United States District Court for the Eastern District of Virginia.

**AFFIRMED**

---

[3] We also deny Mr. Perry's motion to correct the October 7, 2025 order denying his renewed motion for oral argument. *See* ECF No. 107.

PERRY v. PTO                                                         9

COSTS

No costs.