**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1272**

DANIEL ROSS; SONJA LEE,

Plaintiffs – Appellants,

v.

SANDY DAVID BARON, in his person and capacity as attorney
at law; JOHN R. DOC MCCAUSLIN, in his person and capacity
as Air Force Sergeant Association CEO; AIR FORCE SERGEANT
ASSOCIATION, its agents, or persons acting at its behest or
direction; TONI E. CLARKE, in her person and capacity as
state actor; DEBRA L. ZACHRY, in her person and capacity as
Maryland Attorney Grievance Commission Office Manager;
KENDALL R. RUFFATTO, in his person and capacity as Maryland
Attorney Grievance Commission Executive Secretary; GLEN M.
GROSSMAN, in his person and capacity as Maryland Attorney
Grievance Commission Bar Counsel; K. NADER,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge.  (8:11-cv-02575-AW)

Submitted:  July 26, 2012          Decided:  August 22, 2012

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Daniel Ross, Sonja Lee, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel H. Ross and Sonja Lee appeal from the district court's order dismissing their complaint with prejudice prior to the issuance of summonses to Defendants. Because the majority of the complaint was frivolous, we affirm the dismissal of all of Appellants' claims except the claim against Appellee Nader. Regarding that claim, we modify the court's order to show that the dismissal is without prejudice.

Because Appellants were neither prisoners nor proceeding in forma pauperis, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006) permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. See Stafford v. United States, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); Porter v. Fox, 99 F.3d 271, 273 n.1 (8th Cir. 1996). However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. See, e.g., Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); Fitzgerald v. First E. Seventh St., 221 F.3d 362, 364 (2d Cir. 2000). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of

3

process is permitted. See Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Or., State Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir. 1981).

We find that the claims raised in Appellants' complaint against Appellees Baron, McCauslin, Clarke, and the Air Force Sergeant Association were frivolous for the reasons stated by the district court. See Ross v. Baron, No. 8:11-cv-02575-AW (D. Md. Feb. 17, 2012). Regarding the claims against the employees or representatives of the Maryland Attorney Grievance Commission, Appellants lack any constitutional right to require a State Bar to process a grievance or conduct an investigation. See Doyle v. Oklahoma Bar Assoc., 998 F.2d 1559, 1568 (10th Cir. 1993). Because Appellants' claims are without an arguable basis in law, these claims are frivolous as well.

Finally, Appellants sued Nader, a district court clerk, for failing to issue summonses in the instant case. Initially, we note that Appellants should have filed this claim as a separate lawsuit once the remainder of the lawsuit was decided, as the alleged wrongful non-issuance of summonses occurred in the same pending lawsuit, and Nader is a federal, not state, actor. Moreover, a court clerk is generally entitled to quasi-judicial immunity. See Briscoe v. LaHue, 460 U.S. 325,

4

334-35 (1983). Accordingly, we find that the premature claim, as pled, was frivolous.

However, we conclude that Appellants may be able to plead a non-frivolous claim once the instant case is resolved. It is not legally frivolous to argue that a district court clerk is required to issue summonses upon filing of a complaint and retains no discretion to choose not to do so, given the applicable Rule.[*] See Fed. R. Civ. P. 4(b). As such, it is arguable that refusal to issue the summons is beyond the clerk's jurisdiction. See McCray v. Maryland, 456 F.2d 1, 6 (4th Cir. 1972) (finding clerk not entitled to judicial immunity for failure to file paper because the act carried "no discretion" and was "as ministerial and inflexibly mandatory as any of the clerk's responsibilities"). Because Appellants may be able to state a non-frivolous claim (thereby preventing sua sponte dismissal prior to service of process), we modify the district

---

[*] As discussed in this opinion, however, we hold that delaying issuance of the summonses until the court determined that it had subject matter jurisdiction was proper court procedure. Nonetheless, although Appellants likely failed to state a legally cognizable claim, we recognize that Appellants' assertion that the clerk was required to issue summonses is not without legal support. See Neitzke v. Williams, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law, which the court ultimately finds is correctly resolved against the plaintiff," the complaint fails to state a claim but is not frivolous.).

5

court's dismissal to show that this claim is dismissed without prejudice.

Based on the foregoing, we affirm the district court's order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED