IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF NORTH CAROLINA 
DERRICK ALLEN, ) 
 ) 
 Plaintiff, ) 
 ) 1:19cv750 
 v. ) 
 ) 
ALICE NEECE MINE, et al., ) 
 ) 
 Defendants. ) 
 MEMORANDUM OPINION, ORDER, AND RECOMMENDATION 
 OF UNITED STATES MAGISTRATE JUDGE 
This case comes before the Court on Plaintiff’s Application to 
Proceed In Forma Pauperis (the “Application”)(Docket Entry 1) filed 
in conjunction with his pro se Complaint (Docket Entry 2). For the 
reasons that follow, the Court will grant Plaintiff’s instant 
Application for the limited purpose of recommending dismissal of 
this action under 28 U.S.C. § 1915(e)(2). 
 LEGAL STANDARD 
“The federal in forma pauperis [‘IFP’] statute, first enacted 
in 1892 [and now codified at 28 U.S.C. § 1915], is intended to 
guarantee that no citizen shall be denied access to the courts 
‘solely because his poverty makes it impossible for him to pay or 
secure the costs.’” Nasim v. Warden, Md. House of Corr., 64 F.3d 
951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont 
de Nemours & Co., 335 U.S. 331, 342 (1948)). “Dispensing with 
filing fees, however, [is] not without its problems. Parties 
proceeding under the statute d[o] not face the same financial 
constraints as ordinary litigants. In particular, litigants suing 
[IFP] d[o] not need to balance the prospects of successfully 
obtaining relief against the administrative costs of bringing 
suit.” Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th 
Cir. 2004). 
To address this concern, the IFP statute provides, in relevant 
part, that “the court shall dismiss the case at any time if the 
court determines that . . . the action . . . (i) is frivolous or 
. . . (ii) fails to state a claim on which relief may be granted 
. . . .” 28 U.S.C. § 1915(e)(2)(B). Under the latter provision, 
the Court must dismiss any complaint that “does not “contain 
sufficient factual matter, accepted as true, to ‘state a claim to 
relief that is plausible on its face.’” Ashcroft v. Iqbal, 556 
U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) 
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). 
This standard “demands more than an unadorned, the-defendant- 
unlawfully-harmed-me accusation.” Id. In other words, “the tenet 
that a court must accept as true all of the allegations contained 
in a complaint is inapplicable to legal conclusions. Threadbare 

 -2- 
recitals of the elements of a cause of action, supported by mere 
conclusory statements, do not suffice.” Id.! 
 Alternatively, “a complaint, containing as it does both 
factual allegations and legal conclusions, is frivolous where it 
lacks an arguable basis either in law or in fact.” Neitzke v. 
Williams, 490 U.S. 319, 325 (1989). “The word ‘frivolous’ is 
inherently elastic and not susceptible to categorical definition. 
. . . The term’s capaciousness directs lower courts to conduct a 
flexible analysis, in light of the totality of the circumstances, 
of all factors bearing upon the frivolity of a claim.” Nagy, 376 
F.3d at 256-57 (some internal quotation marks omitted). In 
determining frivolousness, the Court may “apply common sense.” 
Nasim, 64 F.3d at 954. 
 BACKGROUND 
 Asserting claims under “42 U.S.C. §$ 1983” pursuant to “[t]he 
sixth clause of the First Amendment [to petition the government of 
a[] redress of grievances], the 14 [A]mendment[,] section [o]ne, 
[] the 8** [A]mendment, third clause [cruel and unusual punishment], 

 ' Although the Supreme Court has reiterated that “[a] document 
filed pro se is to be liberally construed and a pro se complaint, 
however inartfully pleaded, must be held to less stringent 
standards than formal pleadings drafted by lawyers,” Erickson v. 
Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation 
marks omitted), the United States Court of Appeals for the Fourth 
Circuit has “not read Erickson to undermine Twombly's requirement 
that a pleading contain more than labels and conclusions,” 
Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) 
(internal quotation marks omitted) (dismissing pro se complaint). 
 -3- 

and the last clause of the [S]ixth [A]mendment . . .,” Plaintiff 
initiated this action against five defendants: (1) “Alice Neece 
Mine” (“Defendant Mine”); (2) “Peter Bolac” (“Defendant Bolac”); 
(3) “Joe Cerone” (“Defendant Cerone”); (4) “Brian Oten” (“Defendant 
Oten”); and (5) “[t]he North Carolina State Bar.” (Docket Entry 2 
at 1-3 (some brackets in original).) The Complaint states the 
following as the basis for asserting claims under Section 1983: 
[Plaintiff’s c]onstitutional [r]ights were violated, 
because of the stigma attached to [his] name due to being 
categorized as a sex offender/child murderer when charges 
were dismissed. [Plaintiff] was not allowed to have 
competent legal representation, or petition the 
government for a redress of grievances when attorney(s) 
continuously denied [him] representation or intentionally 
made it w[h]ere [Plaintiff] could not afford [their] 
representation.[ F]urthermore, every issue [Plaintiff] 
contacted the [North Carolina S]tate [B]ar abou[]t [ ] 
w[as] disregarded and resolved in favor of the said 
attorney. Because of this[, Plaintiff] ha[s] been 
subjected to homelessness, employment discrimination, 
slan[]der[, ] libel[,] and [ ] housing discrimination. 
(Id. at 4.) The Complaint’s “Statement of Claim” states that “there 
are three separate occasions [that Plaintiff is] making reference 
to[]” and explains those instances as follows: 
(1) 02/8/2017 [Plaintiff] faxed a[] Grievance to the 
North Carolina Bar Association regarding the contract 
[Plaintiff] signed with representatives of the Richardson 
[L]aw Firm[, p]articularly[] Attorney Kris Reed Pope 
[file # 17C0127]. . . . 
(2) The district attorney[’s] office[,] particularly, Mr. 
Roger Echols and Mr. Luke Bumm[,] committed what[’]s 
known as legal malpractice and [Plaintiff’s] efforts to 
file a[] grievance f[e]ll short and [he] never heard or 
was informed r[e]garding the investigation with Mr. 
Stephen C. [F]reedman. 
 -4- 
 (3) Every [a]ttorney[’s] name and address [Plaintiff] got 
 from the attorney referral service fl[ell] short in the 
 department of actually hiring an attorney to represent 
 [Plaintiff ] because they either made their prices too 
 high or they had an opinion regarding [Plaintiff’s] 
 actual innocence or guilt. 
(Id. at 5.) The Complaint requests “compensat[ion] for [] mental 
anguish and punitive damages [in] the amount of $250,000.00.” (Id. 
at 6.) It also incorporates numerous attachments (see id. at 8- 
80), which include, inter alia, letters and grievance paperwork 
sent to and from the North Carolina State Bar (id. at 8-11, 19-21, 
29-34, 37-39, 46-47, 52-57), state court documents (id. at 12-17, 
22-27, 40-45), and various newspaper articles (id. at 58-80). 
 DISCUSSION 
I. The North Carolina State Bar 
 As an initial matter, the North Carolina State Bar does not 
qualify as a “person” subject to suit under 42 U.S.C. § 1983. In 
that regard, to state a claim for relief under Section 1983, 
Plaintiff must assert “that [he was] deprived of a right secured by 
the Constitution or laws of the United States, and that the alleged 
deprivation was committed under color of state law.” American 
Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) .° 

 2 Specifically, Section 1983 provides, in pertinent part, 
that 
 [e]very person who, under color of any statute, 
 ordinance, regulation, custom, or usage, of any State or 
 Territory or the District of Columbia, subjects, or 
 causes to be subjected, any citizen of the United States 
 (continued...) 
 -5- 

Pursuant to statute, the North Carolina State Bar was “created 
as an agency of the State of North Carolina.” N.C. Gen. Stat. § 
84-15 (2018); see also Wolfenden v. Long, 5:09CV536, 2010 WL 
2998804, at *6 (E.D.N.C. July 26, 2010) (unpublished) (describing 
“[t]he State Bar [a]s an agency of the State of North Carolina” 
(citing N.C. Gen. Stat. § 84-15)). “A State is not a person 
against whom a [Section] 1983 claim for money damages might be 
asserted. This same rule applies to state agencies and officials 
acting in their official capacity.” Wolfenden, 2010 WL 2998804, at 
*6 (internal citation omitted) (citing Will v. Michigan Dep’t of 
State Police, 491 U.S. 58, 71 (1989)). Therefore, the Court should 
dismiss all claims against the North Carolina State Bar. 
II. Official Capacity Claims 
Next, the Complaint indicates that it asserts official 
capacity claims against Defendants Mine, Bolac, Cerone, and Oten. 
(See Docket Entry 2 at 2-3.) Those claims fail for the same 
reasons that claims fail against the North Carolina State Bar. 
Although “state officials literally are persons[, ] a suit against 
a state official in his or her official capacity is not a suit 

2(...continued) 
or other person within the jurisdiction thereof to the 
deprivation of any rights, privileges, or immunities 
secured by the Constitution and laws, shall be liable to 
the party injured in an action at law, suit in equity, or 
other proper proceeding for redress[.] 
42 U.S.C. § 1983 (emphasis added). 
 -6- 
against the official but rather is a suit against the official’s 
office.” Will, 491 U.S. at 71. “Because a state is not a ‘person’ 
under [Section] 1983, it follows that state officials acting in 
their official capacities cannot be sued for damages under the 
statute.” Wells v. Northam, No. 3:18CV00040, 2018 WL 2978026, at 
*2 (W.D. Va. June 13, 2018) (unpublished) (citing Will, 491 U.S. at 
71); accord Wolfenden, 2010 WL 2998804, at *6. 
The Complaint states that (i) Defendant Mine serves as 
“Executive Director,” (ii) Defendant Bolac serves as “Assistant 
[E]xecutive [D]irector,” (iii) Defendant Cerone serves as 
“Director,” and (iv) Defendant Oten serves in “Special Programs” 
(Docket Entry 2 at 2-3.) The Complaint lists each Defendant’s 
address as “217 East Edenton Street, Raleigh, NC 27611” (see id.). 
Moreover, attached letters from the North Carolina State Bar list 
“217 East Edenton Street, Raleigh, NC 27611” as the address of the 
North Carolina State Bar. (See id. at 8, 29, 46, 47.)3 Therefore, 
all defendants qualify as state officials and, as such, no claim 
lies against them under Section 1983 for damages in their official 
capacities. 

3 In addition, two of the attached letters from the North 
Carolina State Bar identify Defendant Oten as “Deputy Counsel” and 
Defendant Bolac as “Trust Account Compliance Counsel.” (Docket 
Entry 2 at 8, 29.) 
 -7- 
Accordingly, the Court should dismiss all official capacity 
damages claims against Defendant Mine, Defendant Bolac, Defendant 
Cerone, and Defendant Oten. 
III. Individual Capacity Claims (and Official Capacity Claims for 
Injunctive Relief 
Beyond naming them as Defendants, the Complaint does not even 
so much as mention Defendants Mine, Bolac, Cerone, and Oten. (See 
id. at 4-7.) Thus, the Complaint fails to establish a Section 1983 
claim against Defendant Mine, Defendant Bolac, Defendant Cerone, 
and Defendant Oten due to the lack of factual matter suggesting 
that any of those defendants violated Plaintiff’s constitutional 
rights. See American Mfrs., 526 U.S. at 49 (requiring allegations 
of a “depriv[ation] of a right secured by the Constitution or laws 
of the United States” to state a Section 1983 claim); see also 
Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) (“Section 
1983 is not itself a source of substantive rights, but rather 
provides a method for vindicating federal constitutional and 
statutory rights.”). 
Put another way, nothing in the record indicates in any way 
that Defendant Mine, Defendant Bolac, Defendant Cerone, and/or 
Defendant Oten engaged in any violation of Plaintiff’s 
constitutional rights as required to state a plausible Section 1983 
claim. See Iqbal, 556 U.S. at 679 (“While legal conclusions can 
provide the framework of a complaint, they must be supported by 
 -8- 
factual allegations”). The Court should therefore dismiss all 
individual capacity claims alleged against Defendant Mine, 
Defendant Bolac, Defendant Cerone, and Defendant Oten, as well as 
any official capacity claim against them for injunctive relief, for 
failure to state a claim. 
IV. Frivolousness 
As a final matter, even assuming the Complaint asserted claims 
against proper defendants, its claims would ultimately fail as 
frivolous. The Complaint appears to base its allegations that 
Plaintiff’s “[c]onstitutional [r]ights were violated,” upon 
assertions that “every issue [that Plaintiff] contacted the [S]tate 
[B]ar abou[]t . . . w[as] disregarded and resolved in favor of the 
said attorney.” (Docket Entry 2 at 4.) However, “‘a private 
citizen lacks a judicially cognizable interest in the prosecution 
or nonprosecution of another.’ This principle applies with equal 
force to State Bar disciplinary proceedings.” Ladeairous v. 
Goldsmith, No. 3:13cv673, 2015 WL 1787297, at *4 (E.D. Va. Apr. 15, 
2015) (unpublished) (quoting Leeke v. Timmerman, 454 U.S. 83, 85-86 
(1981) (internal citations omitted)), aff’d, 610 F. App’x 315 (4th 
Cir. 2015). The Fourth Circuit has held that “[a plaintiff] 
lack[s] any constitutional right to require a State Bar to process 
a grievance or conduct an investigation.” Ross v. Baron, 493 F. 
App’x 405, 406 (4th Cir. 2012). Further, because the Complaint’s 
claims “rest upon an indisputably meritless legal theory,” 
 -9- 
Ladeairous, 2015 WL 1787297, at *4 (internal quotation marks 
omitted), and “are without an arguable basis in law,” Ross, 493 F. 
App’x at 406, they fail as frivolous. 
 CONCLUSION 
In sum, the North Carolina State Bar does not qualify as a 
“person” subject to suit under Section 1983, Plaintiff’s claims for 
damages against Defendant Mine, Defendant Bolac, Defendant Cerone, 
and Defendant Oten in their official capacities constitute claims 
against the State, not a “person” as required under Section 1983, 
and Plaintiff has failed to allege a plausible claim for relief 
against Defendant Mine, Defendant Bolac, Defendant Cerone, and 
Defendant Oten in their individual capacities, or for purposes of 
injunctive relief in their official capacities. Even assuming the 
Complaint asserted claims against proper defendants, it would 
ultimately fail as frivolous for lack of any constitutional right 
to require a State Bar to “process a grievance or conduct an 
investigation,” Ross, 493 F. App’x at 406. 
IT IS THEREFORE ORDERED that Plaintiff’s Application for Leave 
to Proceed In Forma Pauperis (Docket Entry 1) is GRANTED FOR THE 
LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION 
OF DISMISSAL. 
IT IS RECOMMENDED that this action be dismissed for failure to 

state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), or, 
 -10- 
alternatively, be dismissed as frivolous under 28 U.S.C. § 
1915(e)(2)(B)(i). 
 /s/ L. Patrick Auld 
 L. Patrick Auld 
 United States Magistrate Judge 
December 4, 2019 

 -11-